IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEROME ECHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:16-cv-611-MHT-GMB |
| ) | |
| CORINNE T. HURST, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the *pro se* complaint of Plaintiff Jerome Echols. Doc. 1. The case was referred to the undersigned United States Magistrate Judge for consideration and disposition pursuant to 28 U.S.C. § 636. Doc. 5. Because Echols has moved for leave to proceed without prepayment of fees, costs, or security (Doc. 2), the court must review his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2). That statute instructs the court to dismiss any action where it is determined that an *in forma pauperis* applicant's lawsuit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)−(iii). After a careful review of the complaint, the undersigned recommends that this case be dismissed prior to service of process pursuant to § 1915(e)(2)(B).

### I. BACKGROUND

During the time period relevant to this lawsuit, Defendant Corrine T. Hurst was the Clerk of the Circuit Court of Lee County, Alabama. Doc. 1-1. On June 16, 2006,

Discover Bank filed a lawsuit against Echols in the Circuit Court of Lee County, Alabama to recover unpaid credit card debit (hereinafter, the "Lee County lawsuit"). Doc. 1-1.  On August 31, 2006, a default judgment in the amount of $11,519.35 was entered against Echols in the Lee County lawsuit. Doc. 1-1.  That judgment was certified and recorded on October 2, 2006, resulting in a lien being placed on Echols' "property." Docs. 1 & 1-1; *see* Ala. Code § 6-9-211.

Now, over ten years later, Echols is suing Hurst for unspecified violations of his civil rights. Doc. 1.  The entirety of Echols' allegations against Hurst is: "Serve on 8-17-206 [sic] and put in default on 8-17-2006 and put a lien on my property 8-31-2006." Doc. 1.  Echols does not elaborate on the specific civil rights Hurst allegedly violated, how she violated them, or how those purported violations damaged him. Doc. 1.  Echols submitted various documents with his complaint, including credit card statements, correspondence from Discover Bank, and several filings, orders, and the default judgment from the Lee County lawsuit. Doc. 1-1.  Echols does not request any specific relief in his complaint. Doc. 1.

## II. DISCUSSION

After carefully reviewing the complaint, the court concludes that Echols' claims cannot survive § 1915 review.  The complaint provides very little in the way of details, but when viewed in the light most favorable to Echols, the court construes the complaint to assert claims that Hurst violated Echols' constitutional rights when she entered a default judgment against him in the Lee County lawsuit, resulting in a lien being placed on his property.  Echols is presumably bringing his claims pursuant to 42 U.S.C. § 1983,

2

as that statute provides the vehicle for a plaintiff to obtain relief when a state actor deprives him of a federal constitutional right. 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]"); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) ("Section 1983 is not itself a source of substantive rights, but merely provides a method of vindicating federal rights elsewhere conferred.") (internal quotation marks omitted).

Beyond this, however, the court cannot extrapolate a viable claim from Echols' complaint. To prevail on a § 1983 claim, a plaintiff must show both a deprivation of federal rights and that this deprivation was by a person acting under color of state law. *See, e.g.*, *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Echols never specifies the constitutional right or rights Hurst allegedly violated. *See* Doc. 1. In fact, the complaint Echols filed is a form civil-rights complaint available from the Middle District's Clerk's Office for use by *pro se* plaintiffs, and the only references to violations of civil rights in that complaint, and, thus, in Echols' complaint, are in the court-drafted questions Echols answered.[1] *See* Doc. 1. Nowhere in the complaint does Echols himself actually assert or identify any constitutional right that Hurst allegedly violated in connection with the Lee County lawsuit.

---

[1] The Middle District's form civil-rights complaint is presented to *pro se* plaintiffs in the format of written, pre-drafted questions and instructions with spaces for the plaintiff to provide written answers. The references to civil-rights violations in the form complaint are contained in the following: (1) Place of alleged violation of civil rights; (2) Date of alleged violation of civil rights; and (3) State the facts on which you base your allegations that your constitutional rights have been violated. Doc. 1. All of these references are in the pre-drafted language provided on the form, not in Echols' own words.

3

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii). *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Under this standard, to survive a motion to dismiss, factual allegations in the complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). A complaint, even one filed *pro se*, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Even when viewing Echols' complaint in a light most favorable to him, the court finds that the complaint fails to set forth sufficient facts to state a plausible claim for violations of Echols' constitutional rights under § 1983, and the complaint is therefore due to be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a plausible claim for relief requires pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *McLeod v. John*, 2008 WL 4710689, at *1–2 (N.D. Ala. Oct. 24, 2008) (finding no viable cause of action and dismissing a complaint when plaintiff asserted violations of her civil rights under § 1983 but failed "to specify any right to which § 1983 pertains").

Echols' complaint is also due to be dismissed for another reason—his claims are untimely. Constitutional claims brought under § 1983 are tort actions subject to the statute of limitations governing personal-injury actions of the state in which the action has been brought. *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). In

4

Alabama, that time period is two years. Ala. Code § 6-2-38(l); *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) ("[T]he two-year limitations period of Ala. Code § 6-2-38(l) applies to section 1983 actions in Alabama."). Echols' complaint, though filed in 2016, complains of purported civil-rights violations stemming from conduct that took place in 2006. Indeed, Echols' complaint alleges that his civil rights were violated on August 17, 2006, over ten years ago. *See* Doc. 1. Although Echols attempted in December 2014 to obtain relief from the default judgment entered against him in the Lee County lawsuit—a request that was denied in October 2015—those actions do not salvage the untimeliness of his claims, as Echols has not alleged a continuing violation of his constitutional rights, nor has he alleged that the two-year statute of limitations is subject to tolling. *See* Docs. 1 & 1-1. Thus, Echols' claims are due to be dismissed as untimely.

Finally, to the extent Echols is seeking money damages in this lawsuit, his claims are due to be dismissed because Hurst is immune from them.[2] Echols' complaint does not indicate whether he is suing Hurst in her official capacity, her individual capacity, or both. As a result, the court will broadly construe Echols' complaint to assert both types of claims against Hurst.

With respect to official-capacity claims, because a state acts through its officials, "a suit against a state official in his or her official capacity is not a suit against the official

---

[2] The court notes that the Eleventh Amendment does not bar suits against state officials in their official capacity for injunctive relief. *See Ex parte Young*, 209 U.S. 123 (1908); *Garrett v. Talladega Cty. Drug & Violent Crime Task Force*, 983 F. Supp. 2d 1369, 1378 (N.D. Ala. 2013). The court does not interpret Echols' complaint to contain a claim for injunctive relief against Hurst in her official capacity, but to the extent that it does the court finds that it was not adequately alleged and is due to be dismissed for failure to state a claim upon which relief may be granted.

5

but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Under Alabama law, circuit court clerks' officers are considered state agencies." *Foster v. Etowah Cnty. Clerk's Office*, 2015 WL 4999667, at *2 (N.D. Ala. Aug. 21, 2015) (citing Ala. Code § 12-17-80). In such cases, the Eleventh Amendment affords the state constitutional immunity from suit and precludes an award of money damages. *Alden v. Maine*, 527 U.S. 706, 748 (1999). Here, Echols does not allege that Hurst consented to be sued in her official capacity or that she otherwise waived sovereign immunity. Thus, to the extent Echols asserts claims against Hurst in her official capacity as Clerk of the Circuit Court of Lee County, Alabama, sovereign immunity bars those claims. *See Foster*, 2015 WL 4999667 at *2–3 (holding that claims for monetary damages against the Etowah County Circuit Clerk in her official capacity were barred by the Eleventh Amendment).

Any individual-capacity claims asserted against Hurst share a similar fate. It is well-settled that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (internal quotation marks omitted). The Eleventh Circuit has extended this immunity to other persons whose "official duties have an integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (internal quotation marks omitted). "Thus judicial personnel such as law clerks, clerks of court, and secretaries are entitled to quasi-judicial immunity." *Harpo v. Davis*, 2012 WL 1038733, at *2 (N.D. Ga. Mar. 27, 2012); *see Scott v. Dixon*, 720 F.2d 1542, 1546–47 (11th Cir. 1983) (extending

6

judicial immunity to bar Section 1983 claims brought against court clerks regarding the issuance of criminal warrants).

"Absolute quasi-judicial immunity for nonjudicial officials is determined by a functional analysis of their actions in relation to the judicial process." *Jenkins v. Clerk of Court, U.S. Dist. Court, S. Dist. of Fla.*, 150 F. App'x 988, 990 (11th Cir. Oct. 21, 2005). According to the Eleventh Circuit, "The decision to enter a default judgment or not is the most judicial of actions the clerk could make." *Id.* In this case, Echols' claims against Hurst stem from her entry as the Lee County Circuit Clerk of a default judgment against him in the Lee County lawsuit—one of "the most judicial of actions" a clerk may take. *See id.* (holding that court clerk had absolute immunity for failing to enter a default judgment); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (stating that "the entry of a default judgment [by a clerk] unquestionably constitutes a judicial act; indeed, little could be thought a more quintessential judicial act than the entry of a legal judgment"). It is clear from the face of the complaint that Hurst performed the actions giving rise to this lawsuit in the course of her official duties. Thus, Hurst is absolutely immune from Echols' individual capacity claims against her.

### III.  CONCLUSION

Accordingly, for the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **October 20, 2016**. Any objections filed

must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the district court.  The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 6th day of October, 2016.

                                                     /s/ Gray M. Borden
                                      UNITED STATES MAGISTRATE JUDGE